1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:11-cr-0442 AWI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582,** |
| **v.** | |
| **JUAN MORENO-CASTANEDA,** | **DISMISSING DEFENDANT'S MOTION TO VACATE PURSUANT TO 28 U.S.C. §§ 2241 AND 2255, AND** |
| Defendant. | **DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

## I. Introduction

This matter arises from the criminal conviction of Defendant Juan Moreno-Castaneda. Defendant was sentenced to a term of 46-months, imposed following his guilty-plea for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a). Doc. 39 at 2. That sentence was imposed consecutive to a state term of imprisonment for attempted murder from Merced County Superior Court, Docket Number CRL 006037B. Id.; see Doc. 36 at 10-12. Defendant appealed from this Court's judgment, contending that the Court abused its discretion by electing to run the 46-month sentence consecutive rather than concurrent. The Ninth Circuit rejected that argument, finding that "the 46-month consecutive sentence is substantively

reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances….” Doc. 38 at 2 (citations omitted).

### III. Discussion

Defendant now moves the court to vacate or reduce his sentence. The grounds for Defendant's request are not entirely clear. However, liberally construing the document submitted, Defendant (1) seeks to challenge his sentence as disproportionate in violation of the Eighth Amendment, Doc. 40 at 1 (imploring the court to consider his "Constitutional right[]" to not be "subject to a disproportionate sentence"), and (2) seeks a reduction of his sentence on equitable grounds, Id. (making reference to § 3582 and requesting "a reduction … in the interest of justice"). As the Court will explain, Defendant's motions are without merit.

**A. Motion to Vacate Sentence**

*1. Legal Standard*

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

Courts must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003). However, mere conclusory statements or statements that are inherently incredible in a section 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a section 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. See United States v. Quan, 789 F.2d 711, 715 (9th Cir.1986).

*2. Merits*

The Eighth Amendment provides that "[e]xcessive bail shall not be required ... nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. While "strict proportionality between crime and sentence" is not required, a punishment will be deemed "cruel and unusual" when it is "grossly disproportionate to the crime." Graham v. Florida, 560 U.S. 48, 60 (2010); Lockyer v. Andrade, 538 U.S. 63, 72 (2003). Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272 (1980). The Ninth Circuit has recognized two ways to raise a proportionality claim. See United States v. Williams, 636 F.3d 1229, 1232 (9th Cir. 2011). An appellant can challenge the length of a term-of-years sentence "given all the circumstances in a particular case" (the as-applied challenge). Graham, 560 U.S. at 59. Or, an appellant can show that an entire class of sentences is unconstitutionally disproportionate given the "nature of the offense" or the "characteristics of the offender" (the categorical challenge). Id. at 60. Defendant's challenge appears to fall within the former category.

"A punishment within legislatively mandated guidelines is presumptively valid. 'Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.' " United States v. Mejia-Mesa, 153 F.3d 925, 930 (9th Cir. 1998) (citing United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990)). In this instance, the Court not only sentenced the defendant to a term of imprisonment within the guideline range, it sentenced the defendant to a term at the low-end of the guideline range. See Doc. 36 at 9-10 ("[T]he total offense level is 21, and the criminal history category is III[.] [T]he guideline range [is] 46 to 57 months.")

Insofar as Defendant's challenge is not to the length of the sentence but to it being imposed consecutive to his state sentence for attempted murder, that challenge also fails. Under U.S.S.G. § 5G1.3, the district court has broad discretion to determine how the sentence imposed should run: in cases "involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant

3

1   offense." U.S.S.G. § 5G1.3; see 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on

2   a defendant who is already subject to an undischarged term of imprisonment, the terms may run

3   concurrently or consecutively...."). "The district court need not 'always specifically justify its

4   choice between concurrent and consecutive sentences' but may support its consecutive sentence

5   by clearly explaining 'its choice of the sentence as a whole with reference to the factors listed in

6   § 3553(a).'" United States v. Shouse, 755 F.3d 1104, 1108 (quoting United States v. Fifield, 432

7   F.3d 1056, 1066 (9th Cir.2005)) (citation omitted).

8         In this instance, the Court recognized that the consecutive sentence determination was

9   shaped in consideration of the 3553(a) factors, and in light of all of those factors the Court

10  exercised its discretion to impose a consecutive sentence. Doc. 36 at 10. It noted the serious

11  nature of the criminal history, especially in light of the recent conviction for attempted murder.

12  Id. It noted the long span of criminal history, beginning in 1998 and continuing through 2011. Id.

13  at 11. It noted the Defendant's clear disregard for the prior deportation proceedings in light of the

14  Defendant's prior deportation and reentry. Id. In light of those considerations, the Court noted

15  the need for the sentence to reflect the serious concern for public safety and need for punishment.

16  As a result, the Court imposed the 46-month sentence concurrent to the state court sentence.

17        Given all of the circumstances in this case, as recited by the Court at sentencing, the

18  imposition of a 46-month consecutive sentence was not grossly disproportionate to the crime. It

19  is apparent that Defendant's Eighth Amendment challenge is without merit. It will be dismissed.

20  **B. Motion for Sentence Reduction**

21        "A federal court … 'may not modify a term of imprisonment once it has been imposed,'"

22  except in limited circumstances. Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18

23  U.S.C. § 3582(c)). A sentencing court does not, as Defendant suggests, have plenary authority to

24  resentence in the interest of justice. See id. None of the circumstances that would authorize the

25  Court to reduce Defendant's sentence are present here. See 18 U.S.C. §3582(c). Defendant's

26  motion to reduce must be denied.

27  ///

28  ///

**C. Certificate of Appealability**

Unless a circuit justice or district judge issues a certificate of appealability ("COA"), an appeal may not be taken to the court of appeals from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255. See 28 U.S.C. § 2253(c)(1); Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). To do so, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 479 (2000). The Ninth Circuit will not act on a motion for a COA if the district court has not ruled first. See Ninth Cir. R. 22–1(a); Wilson v. Belleque, 554 F.3d 816, 827 (9th Cir. 2009).

Here, jurists of reason would not find it debatable whether Petitioner's motion states a valid claim of the denial of a constitutional right. The Defendant has failed to show that there any disproportion between the crime committed and the sentence imposed, let alone a gross disproportion. As a result, the Court declines to issue a COA.

**IV. Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 is DISMISSED;

2.  Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 is DENIED;

3.  The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __August 17, 2016__                    _____

                                              SENIOR  DISTRICT  JUDGE