**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAIME MORENO-CASTANEDA,<br><br>Defendant. | CASE NO. 1:11-cr-00442-AWI-1<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**<br><br>(Doc. No. 43) |

Defendant Jaime Moreno-Castaneda seeks a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) in connection with COVID-19. Doc. No. 43. For the reasons set forth below, the motion will be denied.

## BACKGROUND

On August 17, 2015, Moreno-Castaneda was sentenced to 46 months federal imprisonment (consecutive to an undischarged term of state imprisonment) for violating 8 U.S.C. § 1326(a) and (b)(2), as a deported alien found in the United States. Doc. Nos. 27 & 28. Moreno-Castaneda is currently serving that sentence at FCI Victorville Medium II ("FCI Victorville II"), Doc. No. 43 at 8,[1] with a projected release date of February 14, 2023. Doc. No. 58-1 at 2.

On March 5, 2021, Moreno-Castaneda brought a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) for reasons relating to COVID-19. Doc. No. 43. On March 23, 2021, the Court appointed a federal defender to assist Moreno-Castaneda with his motion. Doc. No. 45. On August 19, 2021, Moreno-Castaneda's appointed counsel filed a notice stating

---

[1] Unless otherwise indicated, all page citations to documents on the electronic docket for this case are to the page number in the CM/ECF stamp at the top of each page.

that no supplemental motion would be filed on Moreno-Castaneda's behalf and that Moreno-Castaneda would stand on the March 5, 2021 pro se motion. Doc. No. 56. The United States filed an opposition on September 18, 2021. Doc. No. 58. Moreno-Castaneda has not filed a reply and the last day for doing so has passed. See Doc. No. 57.

## DEFENDANT'S MOTION

Moreno-Castaneda asserts that staff at FCI Victorville II have spread COVID-19 to inmates by refusing to wear masks. Doc. No. 43 at 3. Moreno-Castaneda confined himself to his cell for "the vast majority of 2020" (forgoing "the opportunity to shower, exercise, communicate with his family, participate in rehabilitative programs or even breath fresh air"), but nonetheless contracted COVID-19 from FCI Victorville II staff in December 2020, resulting in "intense anguish, both physically and mentally" and the "risk of future complications" from the virus. Id. Moreno-Castaneda contends that these "illegal and inhumane conditions" constitute "extraordinary and compelling" reasons for early release under § 3582(c)(1)(A). Id. at 4. Further, he argues that they violate the Eighth Amendment in that, due to "deliberate indifference" on the part of the government, the sentence he is serving is more severe than the sentence initially imposed by this Court. Id. at 7.

## LEGAL FRAMEWORK

Under 18 U.S.C. § 3582, criminal defendants are permitted to request compassionate release for "extraordinary and compelling reasons." United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021). Specifically, § 3582 provides that:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—

>> (i) extraordinary and compelling reasons warrant such a reduction;
>
> ....
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1). Congress has delegated to the United States Sentencing Commission ("Sentencing Commission") the responsibility to define what constitutes "extraordinary and compelling reasons" under the § 3582(c). 28 U.S.C. § 994(t). The Sentencing Commission has issued a policy statement that details situations in which the defendant's health, age, or family circumstances constitute an extraordinary and compelling reason for early release under § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13. For present purposes, this policy statement is persuasive but not binding authority, which means the Court may find other grounds for early release beyond those set forth in the policy statement. Aruda, 993 F.3d at 801.

Before a defendant brings a motion for compassionate release in district court, the defendant must "ask the [BOP] to do so on their behalf and give BOP thirty days to respond." United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020); see also United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) ("A defendant who has not 'requested compassionate release from the [BOP] or otherwise exhausted his administrative remedies' is not entitled to a reduction of his term of imprisonment." (quoted source omitted)). "The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction," United States v. Greenhut, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)); United States v. Recinos, 2020 WL 4194080, at *3 (E.D. Cal. July 21, 2020), and to show that the exhaustion requirement in § 3582(c)(1)(A) has been satisfied. See United States v. Addison, 2020 WL 4601637, at *2 (E.D. La. Aug. 11, 2020) (and cases cited therein); see also United States v. Miranda, 2021 WL 826259, at *3 (E.D. Cal. Mar. 4, 2021) (Ishii, J.).

## DISCUSSION

Records set forth by the United States show that nearly three months passed before the FCI

Victorville II warden responded to Moreno-Castaneda's request that the BOP bring a motion for compassionate release on his behalf. Doc. No. 58-1 at 7-8. Therefore, Moreno-Castaneda has satisfied § 3582(c)(1)(A).[2]

In the Court's view, however, Moreno-Castaneda's motion is without merit. According to BOP medical records, Moreno-Castaneda contracted and recovered from COVID-19 with no apparent complications and has been vaccinated against COVID-19. Doc. No. 58 at 6:22-24; Ex. 2 to Doc. No. 58 (filed under seal) at 5-6, 11, 25. He is 41 years old, Doc. No. 58-1 at 2, which places him in the middle (or even toward the low end) of the age-related risk spectrum for adults. See Centers for Disease Control and Prevention, COVID-19, Hospitalization and Death by Age, available at https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (last checked January 6, 2021). And he has made no showing as to any other conditions that significantly amplify COVID-19 risk. See Doc. No. 43; Doc. No. 58 at 6:18-7:4.

The Court is unable to find in these facts "extraordinary and compelling reasons" for early release. At bottom, Moreno-Castaneda's § 3582(c)(A)(1) motion is based merely on a fear of COVID-19. United States v. Thompson, 984 F.3d 431, 434–35 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."). It appears from the BOP website that there has recently been a significant spike in COVID-19 cases at FCI Victorville II, see BOP, COVID-19 Cases, available at https://www.bop.gov/coronavirus/index.jsp (last checked January 6, 2021), but particularly in light of his vaccination status, Moreno-Castaneda has not shown that he is at

---

[2] The Court does not share what appears to be the government's view that Moreno-Castaneda's administrative remedies were exhausted for purposes of § 3582(c)(1)(A) when the warden denied his request for early release. Moreno-Castaneda submitted his request for early release on September 17, 2020 and the warden denied the request on December 15, 2020. Doc. No. 58-1 at 7-8. As such, § 3582(c)(1)(A) is satisfied by the fact that the warden did not provide a response within 30 days from receipt of Moreno-Castaneda's request. Had the warden denied the request within that 30-day statutory window, the Court's view is that Moreno-Castaneda would have been required to exhaust the BOP's administrative appeals process before bringing a motion of his own in district court. See Miranda, 2021 WL 826259 at *2; United States v. Sprenkle, 2020 WL 7490083, at *3 (E.D. Cal. Dec. 21, 2020) ("[W]hile recognizing differing views on this issue,[] this Court reads 18 U.S.C. § 3582(c)(1)(A) to mean that a defendant must exhaust BOP appeals prior to bringing a motion for compassionate release in district court where a warden denies a request for compassionate release within 30 days of receipt, and that a defendant may only come to court for relief without first exhausting BOP appeals where the warden fails to respond to the request within 30 days of receipt.") (Ishii, J.).

significantly higher risk of infection or severe illness than other inmates. See <u>United States v. Smith</u>, 2021 WL 1890770, at *5 (E.D. Cal. May 11, 2021) ("adopt[ing] the rebuttable presumption that appears to be the emerging majority rule among federal district courts: if a defendant has received at least the first dose of an authorized vaccine and, if necessary, has scheduled a second dose as specified by the manufacturer and authorized by the U.S. Food and Drug Administration, then the risk of severe harm from COVID-19 is not an 'extraordinary and compelling' reason under § 3582(c)(1)(A)(i) unless the defendant offers evidence of an elevated personal risk despite vaccination"). The § 3582(c)(1)(A) motion will therefore be denied.

Finally, the government references the possibility that Moreno-Castaneda's motion could be read as a petition for habeas corpus challenging the conditions of his confinement under 28 U.S.C. § 2241. Doc. No. 58 at 3 n.3. The Court sees how portions of Moreno-Castaneda's motion could lend themselves to (or at least allow for) such an interpretation, but a habeas petition under § 2241 must be heard in the custodial court. <u>United States v. Brugnara</u>, 793 F. App'x 596, 596 (9th Cir. 2020); <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000). FCI Victorville II is in the Central District of California,[3] and this Court is therefore without power to grant relief to Moreno-Castaneda under § 2241.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for reduction of sentence (Doc. No. 43) is DENIED.

IT IS SO ORDERED.

Dated:   January 6, 2022

SENIOR DISTRICT JUDGE

---

[3] The Court takes judicial notice of records showing that FCI Victorville II is in the Central District of California. See Fed. R. Evid. 201; https://www.bop.gov/locations/institutions/vvm/ (Victorville is in San Bernardino County); 28 U.S.C. § 84(c)(1) (San Bernardino County is in the Central District of California).

5